# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MOLIERE DIMANCHE,**

        **Plaintiff,**

**v.**                                                                           Case No: 6:22-cv-2073-CEM-DCI

**TAKELA JACKSON et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTIONS:** | Defendants Rose Acosta, Deborah Bradley, Phil Diamond, and Terri Wilson's Motion to Dismiss (Doc. 70) |
| | Defendants Takela Jackson, Nicholas Luciano Montes, Orlando Police Department, and R. Tabbara's Motion to Dismiss (Doc. 73) |
| | Defendants Amy Mercado and Troy Stickle's Motion to Dismiss (Doc. 74) |
| **FILED:** | February 10, 2023 |
| **MOTION:** | Defendant Julia L. Frey's Motion to Dissolve Plaintiff's Notice of Lis Pendens (Doc. 92) |
| **FILED:** | April 27, 2023 |

**THEREON** it is **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 70, 73, 74) be **DENIED as moot** and Defendant Frey's Motion (Doc. 92) be **DENIED without prejudice**.

I.      **Background and Procedural History**

This dispute arose because Plaintiff claimed ownership through attempted adverse possession of a residence located at 921 S. Mills Avenue, Orlando, Florida (**the Property**). Julia L. Frey, a lawyer, challenged Plaintiff's claim of ownership to the Property and pursued civil and criminal actions against Plaintiff—**Defendant Frey** is an individual defendant in this action. In relation to this dispute, Orlando Police Department officers arrested Plaintiff—**the City of Orlando Defendants** are the City of Orlando and the officers allegedly involved in the Plaintiff's arrest (i.e., Jackson, Tabbara, Officer Doe, and Montes). Related to the seizure of the Property, Plaintiff also alleges wrongdoing by the **Orange County Comptroller Defendants** (i.e., Diamond, Wilson, Bradley, and Acosta) and the **Orange County Property Appraiser Defendants** (i.e., Mercado and Stickle).

On November 23, 2022, Plaintiff, proceeding *pro se*, filed a civil rights Complaint alleging that Defendants violated various constitutional amendments and federal laws during events related to Plaintiff's arrest and to the seizure of the Property. Doc. 1 (the Complaint). Plaintiff alleges that he was deprived of his property without compensation, subjected to emotional distress and pain and suffering, and "denied a fair housing opportunity as his home was taken away from him in order to satisfy an embezzlement effort." *Id*. at 9. Plaintiff asserts that a police officer filed a false report and conspired with other Defendants to violate his constitutional rights by "malicious prosecution and false arrest." *Id*. at 30. Further, Plaintiff claims that the Orange County Comptroller Defendants violated his civil rights by implementing customs and practices allowing employees to unlawfully take a person's home; "change[ing] the statutory requirements of what is considered a deed;" and acting with deliberate indifference to Plaintiff's right to be free from housing discrimination. *Id*. at 35-36. Plaintiff brings state law claims for false imprisonment,

malicious prosecution, and intentional infliction of emotional distress resulting from the alleged unlawful seizure, false police report, and arrest. *Id.* at 38-42. Plaintiff seeks damages and "injunctive relief barring prosecution based on the warrant obtained by defendant Jackson" (one of the City of Orlando Defendants) and "injunctive relief in the form of a writ of mandamus compelling the defendants to reinstate and honor the deed recorded by the Plaintiff as it was the last actual deed recorded in this matter." *Id.* at 31, 43.

On December 7, 2022, Plaintiff filed a Notice of Pendency of Other Actions and represented "that the instant action is related" to another case. Doc. 10 at 1. In that Notice, Plaintiff wrote that, "Julia L. Frey also pressed charges in a criminal case, which the plaintiff contends as false allegations. Charges have not formally filed in that case." *Id.* at 2. Defendants also filed Notices of Pendency of Other Actions and identified that same state criminal case as a pending, related case and provided the case number. Docs. 38 at 2; 25 at 2; 67 at 1; and 68 at 1. The public records of the Orange County Clerk of Court provide additional information about this ongoing state criminal proceeding. On November 20, 2022, a warrant was issued for Plaintiff's arrest. The next day, charges were filed against Plaintiff in Circuit Court in Orange County, Florida; Plaintiff was charged with Grand Theft First Degree and Unlawful Filing of False Documents or Records Against Real or Personal Property. *See State of Florida v. Moliere Dimanche, Jr.*, Case No. 2022-CF-13561. The day after that, Plaintiff filed the instant case. Doc. 1.

On December 16 and 19, 2022, Defendants, in three groups, filed motions to dismiss arguing, in part, that the Complaint is a shotgun pleading and, therefore, insufficient pursuant to Federal Rules of Civil Procedure 8 and 10. Docs. 24, 28, 30, 34. Plaintiff moved to amend the pleading while those motions were pending. Doc. 44. The Court granted in part Plaintiff's motion to amend the Complaint, finding, in part, that amendment would not cause undue prejudice since

Defendants argued that the Complaint is a shotgun pleading necessitating amendment. Doc. 55 at 4. Plaintiff filed the Amended Complaint. Doc. 63.

On February 10, 2023, the three groups of Defendants filed three motions to dismiss, all arguing that the various counts naming them failed to state a claim. Docs. 70 (the Orange County Comptroller Defendants); 73 (the City of Orlando Defendants); 74 (the Orange County Property Appraiser Defendants); (collectively, the Motions to Dismiss). Defendant Frey filed an Answer and Affirmative Defenses (Doc. 72) followed by a Motion to Dissolve Lis Pendens (Doc. 92). Plaintiff responded to the Motions to Dismiss. Docs. 77; 78; 81.

On February 27, 2023, Plaintiff filed a notice of removal, purporting to remove the pending state criminal case to this Court; the removed case captioned as *United States v. Dimanche*, Case No. 6:23-cr-31-CEM-DCI, though the State of Florida, not the United States, was a party. Despite the notice of removal, the state criminal proceeding continued based upon the public records of the Orange County Clerk of Court. Regardless, on April 17, 2023, the Court remanded the criminal case back to state court. *See* 6:23-cr-31-CEM-DCI at Doc. 17. In doing so, the Court found that Plaintiff failed to present any evidence that he is unable to enforce a right arising under a law providing for equal rights. *Id*. The Court determined that Plaintiff's removal appeared to be based on his belief that he should prevail on the merits in the underlying state criminal case. *Id*. The Court found that this was an insufficient basis for the Court to retain jurisdiction and that Plaintiff may present those arguments in state court. *Id*.

In the meantime, the undersigned reviewed the Motions to Dismiss in the instant case and identified an issue that calls into question whether this case should proceed in this Court: *Younger* abstention due to the pending, related state criminal proceeding. "[T]he *Younger* abstention doctrine precludes federal courts from interfering with pending state judicial proceedings absent

extraordinary circumstances." *Fairfield Cmty. Clean-Up Crew, Inc. v. Hale*, 735 Fed. App'x 602, 604 (11th Cir. May 22, 2018) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). No party addressed this issue in their filings.

On April 13, 2023, noting the pending state criminal case and the then-pending removal of that case to federal court, the undersigned set forth in an Order to Show Cause concerns about the applicability of *Younger* to this case and directed as follows:

> While the Court has not decided that *Younger* applies, additional briefing on the issue would assist the Court in making that determination. Accordingly, on or before April 27, 2023, the parties are directed to show cause why this case should not be dismissed or stayed in light of either the state court criminal proceeding or the ongoing federal criminal matter pending in this Court.

Doc. 90 at 4-5. The parties filed responses to the Order to Show Cause. Docs. 91, 93, 94; 95.

## II.   Discussion

### a.   *Younger* Abstention and the Motions to Dismiss

Defendants assert that Plaintiff's state criminal proceeding implicates *Younger* and, therefore, dismissal or a stay of the instant case is appropriate. Docs. 91, 94. Plaintiff does not object to a stay of the instant proceedings. Doc. 95.[1] The undersigned agrees that *Younger* abstention is implicated.

District courts have utilized the *Younger* framework to conclude that it is improper for a federal court to enjoin a state criminal prosecution absent certain circumstances. *Rare Breed Triggers, LLC v. Garland*, 2021 WL 7543623, at *2 (M.D. Fla. Aug. 5, 2021) (citing *Thomas v. Shroff*, 2021 U.S. Dist. LEXIS 32562, at *5 (S.D.N.Y. Feb. 19, 2021) (collecting cases)). In particular, a federal court must refrain from deciding the merits of a state case if: (1) there is a

---

[1] Plaintiff, however, requests that "the proceedings remain as set in the Court's order regarding the case management schedule." Doc. 95 at 3

pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, there is no dispute that the state proceeding is ongoing.  Docs. 10, 38, 37, 38, 68, 91, 94, 95; *see also State of Florida v. Moliere Dimanche, Jr.*, Case No. 2022-CF-13561.  Courts must also consider whether "the federal proceeding [will] interfere with the state proceeding." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003).  The inquiry reviews "the relief requested and the effect it would have on the state proceedings." *Id*.  "The requested relief 'need not directly interfere with an ongoing proceeding'; abstention is required even when the federal proceeding will indirectly interfere with the state proceeding." *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (quoting *Foster Children*, 329 F.3d at 1276).

Again, it appears undisputed that a ruling in the instant case would interfere with the pending state criminal case.  In the instant case, Plaintiff challenges the probable cause of his arrest and seeks injunctive relief barring prosecution in the state case and a writ of mandamus compelling reinstatement of Plaintiff's recorded deed for the Property.  A decision by the Court on the constitutionality of Plaintiff's arrest or on any of those issues may interfere with the state court proceeding.

Second, the state proceeding implicates important state interests. "The ability to prosecute criminal charges is an important state interest." *McDowell v. Hillsborough County Fla. Officials*, 2010 WL 3340541, at *3 n.2 (M.D. Fla. Aug. 23, 2010) (citing *Christman v. Crist*, 315 Fed. App'x 231, 232 (11th Cir. 2009); *see also Williams v. Florida*, 2017 WL 8772161 (M.D. Fla. Aug. 11, 2017) (finding that the pending criminal proceeding implicated the state's important interest in prosecuting those who have violated its criminal laws) (citing *Juidice v. Vail*, 430 U.S. 327, 335

(1977) (recognizing important state interest in the enforcement of its laws); *Casey v. Scott*, 2012 WL 523626, at *2 (M.D. Fla. Feb. 16, 2012) ("This case plainly involves an important state interest, namely, the prosecution of an individual for the violation of Florida's criminal statutes."). Thus, the undersigned recommends that without any "extraordinary circumstance" to justify doing so, it is important for the Court not to interfere with the state criminal prosecution. *Younger*, 401 U.S. at 45.

Third, there is an adequate opportunity for Plaintiff to raise his constitutional challenges in the state proceeding. The state courts provide an adequate forum for Plaintiff's constitutional claims, and he has not sufficiently alleged that any extraordinary circumstances exist to justify the Court's interference. Instead, Plaintiff seems to acquiesce that a stay is proper. Doc. 95 at 3. Accordingly, the undersigned recommends that the third factor is met. *See Boyd*, 512 F. App'x at 918 (affirming dismissal of § 1983 complaint because the plaintiff's "state criminal proceeding is ongoing, implicates and important state interest, and will provide an adequate opportunity for [Plaintiff] to raise constitutional challenges").

Even so, there are three exceptions to the *Younger* doctrine, where: "(1) there is evidence of state proceedings motivated by bad faith;  (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 53-54). The undersigned recommends that neither the Amended Complaint nor Plaintiff's response to the Order to Show Cause reflect that this case should be excepted from the application of the *Younger* doctrine.

So, the question becomes whether the Court should stay or dismiss. To the extent that Plaintiff seeks declaratory or injunctive relief, those requests are due to be dismissed. *See Dandar*

*v. Church of Scientology Flag Serv. Org.*, 619 Fed. App'x 945, 948 (11th Cir. 2015) (finding that the district court did not abuse its discretion in dismissing the plaintiff's claims for declaratory and injunctive relief under the *Younger* abstention doctrine); *Carter v. State of Fla. Dep't of Child. & Fams.*, 2020 WL 2921310, at *3 (11th Cir. 2022) (finding that the district court did not abuse its discretion in dismissing the plaintiff's claim for injunctive relief under the *Younger* abstention doctrine).

As to the request for monetary relief under § 1983, it appears that a stay is proper. "In this circumstance, a 'District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceedings.'" *Scholtz v. Prummell*, 2020 WL 6382027, at *2 (M.D. Fla. Oct. 30, 2020) (quoting *Deakins v. Monaghan*, 484 U.S. 193 (1988)); *see also Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016) ("Although abstention was appropriate, the district court erred in dismissing [plaintiff's] claims rather than staying this action."); *Mellen v. Florida*, 2014 WL 5093885, a *1, 6 (M.D. Fla. Oct. 9, 2014) (citations omitted) ("The Eleventh Circuit has extended *Younger* to § 1983 cases seeking damages, *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985), with the proper course of action being to stay the federal case rather than to dismiss it[.]"); *Greathouse v. St. Petersburg Police Dep't*, 2021 WL 50467, at *1 (M.D. Fla. Jan. 6, 2021) ("In cases involving claims for damages, such as this one, it is common for a federal court to stay the federal proceeding until the relevant criminal case has ended.") (citing *Wallace v. Kato*, 549 U.S. 384 (2007)).

    b.  *Younger Abstention and the Motion to Dissolve Lis Pendens*

Having recommended that the abstention doctrine applies, the undersigned turns to Defendant Frey's request that the Court dissolve—prior to stay or dismissal—a notice of lis Plaintiff recorded in the public records of Orange County identifying the instant case and the

- 8 -

Property. Docs. 92 (the Motion to Dissolve Lis Pendens, referred to as the Motion in this section of this Report). The undersigned recommends that the Court not dissolve the lis pendens.[2]

Florida law provides for the recording of a notice of lis pendens concerning real property in certain circumstances:

> An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.

Fla. Stat. § 48.23(1)(a). That statute also governs Defendant Frey's request for a discharge:

> When the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 or when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.

Fla. Stat. § 48.23 (3).

On January 13, 2023, Plaintiff recorded a lis pendens in the public records of Orange County, Florida that provides notice of the pendency of the instant case and that Plaintiff seeks "possession of property to which he is the rightful owner and /or compensation for the unlawful taking of the property from the Plaintiff." Doc. 92-1 (the Notice of Lis Pendens).[3] In the Notice of Lis Pendens, Plaintiff identifies the Property. *Id*.

In the Motion, Defendant Frey seeks to dissolve the Notice of Lis Pendens. By way of background, Defendant Frey explains that the Circuit Court in Orange County dissolved another

---

[2] In addition to the discussion that follows, the Motion to Dissolve could be denied for a violation of Local Rule 3.01(a) because Defendant Frey provided no authority or analysis on whether the Court should rule on the request for relief in the face of *Younger* abstention. *See* Docs. 92, 93.

[3] Although Plaintiff included the caption of the instant case in his Notice of Lis Pendens, the document did not originate from this Court, and it is not on the docket in this case other than as Defendant Frey's exhibit to the Motion to Dissolve.

- 9 -

lis pendens Plaintiff filed against the Property because of a quiet title action Defendant Frey filed in state court. *See* Doc. 92-3 at 2-3; *Frey v. Dimanche*, Case No. 2022-CA-010281-O. In that action, the state court found that a trust over which Defendant Frey is trustee owns the Property free and clear of any claim or interest. *Id*. at 7. The court concluded that the deed Plaintiff filed did not convey the Property to Plaintiff, Plaintiff's gratuitous payment of the taxes on the Property did not convey any ownership interest, Plaintiff had not adversely possessed the Property, and the trust has at all relevant times been the rightful owner of the Property. *Id*. The court ordered that the trust was entitled to immediate entry of final judgment that quiets title to the Property. *Id*. at 14. Plaintiff has appealed the state court's ruling, and that appeal remains pending. Doc. 92 at 7

Defendant Frey now moves this Court to dissolve the Notice of Lis Pendens because Plaintiff "could not bring such an action in this Court as title to the Property has already been decided by the State Court." Doc. 92 at 3. Defendant Frey argues that none of the claims in the Amended Complaint were "founded upon a duly recorded instrument" and Plaintiff's request for relief "does not affect the title to the Property." Doc. 92 at 3. Defendant Frey states that, "Each of Plaintiff's claims are based upon alleged facts and circumstances that extend far beyond the terms of any recorded instrument that pertain to the Property." *Id*. Based upon the statute's requirement that the lawsuit be based on the terms in the recorded deed, Defendant Frey argues that Plaintiff cannot allege that his purported claim to ownership is based upon the terms of the "fraudulent" deed. *Id*. at 8. Defendant Frey then challenges Plaintiff's request for mandamus relief and, in part, contends that to the extent Plaintiff's request seeks a finding that the "fraudulent" deed is effective and conveys title, "he must obtain that relief from a court via quiet-title action, which he has already unsuccessfully attempted to do" in state court. *Id*. at 12.

While the Amended Complaint does not appear to include a claim for quiet title, the undersigned does not necessarily agree that the allegations or the request for injunctive relief to compel Defendants to honor Plaintiff's recorded deed is not founded on an allegedly duly recorded instrument; assuming, of course, that Plaintiff's *pro se* pleading is liberally construed. Regardless, the Motion is based in part on the state court's ruling with respect to the Property—a ruling that is now on appeal. So, the same abstention principles—and analysis—that lead to a recommendation to stay or dismiss this action, lead also to a recommendation to abstain to permit the state appellate court to decide the pending appeal before this Court rules on the dissolution or discharge of the Notice of Lis Pendens. Specifically, Defendant Frey states that "the State Court found that the Fraudulent Deed did not convey title to the Property to Plaintiff under Florida law." Doc. 92 at 7. Defendant Frey then invites the Court to consider whether the "fraudulent deed" was properly executed under Florida law. *Id*. at 5-6. But again, the state matter is on appeal.

But Defendant Frey's Motion may ultimately be well-founded, and the Court may ultimately grant the relief requested, even while this action is otherwise stayed. *See Tribble v. Tew*, 2017 WL 5248493, at *3 (S.D. Fla. Apr. 4, 2017) (granting the defendant's request to lift the *Younger* stay for the limited purpose of discharging the plaintiff's notice of lis pendens after the Florida Supreme Court rejected the plaintiff's appeal of the trial court's final judgment that a deed transferring title in real property to the plaintiff had been forged). At this moment, though, the Motion should be denied without prejudice to allow the state court appeal to proceed without interference from this Court.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. the Motions to Dismiss (Docs. 70, 73, 74) be **DENIED without prejudice as moot**;

2. to the extent Plaintiff seeks declaratory or injunctive relief, the Amended Complaint be **DISMISSED without prejudice** pursuant to *Younger*;[4]

3. to the extent Plaintiff seeks money damages, the case be **STAYED** and **ADMINISTRATIVELY CLOSED** pending completion of the state court proceedings;

4. direct that any party may apply to lift the stay and reopen the case upon completion of the state court proceedings;

5. direct the Plaintiff to replead within 14 days of the stay being lifted; and

6. Defendant Frey's Motion to Dissolve Lis Pendens (Doc. 92) be **DENIED without prejudice**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on May 5, 2023.

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[4] *See e.g. Hale v. Pate*, 694 F. App'x 682, 684-85 (11th Cir. 2017) ("Because a complaint dismissed pursuant to Younger is without prejudice, *see Old Republic*, 124 F.3d at 1264, we are obliged to vacate the district court's order and remand the case with directions that the district court dismiss without prejudice Hale's action on *Younger* abstention grounds.").