# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MOLIERE DIMANCHE,**

        **Plaintiff,**

v.                                    Case No: 6:22-cv-2073-CEM-DCI

**TAKELA JACKSON et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Motion to Dissolve Plaintiff's Notice of Lis Pendens (Doc. 92) |
| **FILED:** | April 27, 2023 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On May 5, 2023, the undersigned issued a report recommending that the Court deny without prejudice Defendant Julia Frey's (Defendant Frey) Motion to Dissolve Plaintiff's Notice of Lis Pendens (Motion to Dissolve). Doc. 100. The undersigned based that recommendation, in part, on the fact that Plaintiff's appeal of the state court ruling concerning the Property remained pending. Doc. 100.[1] The undersigned recommended that the state court appeal should proceed without interference, relying upon a *Younger* abstention analysis that the undersigned applied to

---

[1] The state court found that a trust over which Defendant Frey is trustee owns the Property free and clear of any claim or interest; the state court entered judgment in favor of the trust and quieted title. 92-5 at 3.

the case as a whole. *Id*. at 11-12. Defendant Frey then filed an Objection stating that the state appellate court dismissed Plaintiff's appeal—noting that the dismissal of the appeal happened *after* the undersigned's recommendation. Doc. 101; *see Dimanche v. Frey*, Case No. 6D23-2124.

Given this change in circumstances, the undersigned vacated the report to the extent it recommended denial of the Motion to Dissolve and stated that the undersigned will enter a separate report and recommendation on the Motion to Dissolve. Doc. 102. For the reasons that follow, the undersigned now recommends that the Court grant the Motion to Dissolve.

Shortly after Plaintiff filed this case, Plaintiff recorded a lis pendens in the public records of Orange County, Florida. Doc. 92-1 (the Notice of Lis Pendens). In the Notice of Lis Pendens, Plaintiff provides notice of the pendency of this case and states that Plaintiff seeks "possession of property to which he is the rightful owner and /or compensation for the unlawful taking of the property from the Plaintiff." Doc. 92-1. In the Motion to Dissolve, Defendant Frey requests that the Court dissolve the Notice of Lis Pendens because Plaintiff "could not bring such an action in this Court as title to the Property has already been decided by the State Court." Doc. 92 at 3.

A federal court has the authority to use Florida Statutes section 48.23 to discharge a recorded notice of lis pendens "when the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under Part I of Chapter 713 [construction liens] or when the action no longer affects the subject property." Fla. Stat. § 48.23(c)(2). Defendant Frey contends that none of the claims in the Amended Complaint were "founded upon a duly recorded instrument" and Plaintiff's request for relief "does not affect the title to the Property." Doc. 92 at 3. Since the statute requires that the lawsuit be based on the terms in the recorded deed, Defendant Frey argues that Plaintiff cannot allege that his purported claim to ownership is based upon the terms of the "fraudulent" deed. *Id*. at 8. Defendant Frey requests that the Court dissolve

the Notice of Lis Pendens and find that Defendant Frey is entitled to recover reasonable attorney fees incurred in obtaining relief pursuant to section 48.23.  *Id*. at 14.

Plaintiff did not file a response to the Motion to Dissolve within the time permitted.  *See* Local Rule 3.01(c).  The Court routinely grants motions as unopposed where the opposing party has not filed a response in opposition to the motion.  *See id*.

Based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dissolve (Doc. 92) as unopposed.[2]

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1)(C).  A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on June 26, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] While the undersigned recognizes that the Motion to Dissolve was also unopposed at the time the initial report and recommendation was made, the undersigned found that the *Younger* abstention analysis that applied to the case as a whole applied to the separate request to dissolve the Notice of Lis Pendens.  But with the dismissal of the state court appeal, the undersigned finds no reason for the Court to continue to abstain in relation to the Motion to Dissolve.