# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MOLIERE DIMANCHE,**

      **Plaintiff,**

v.                                                                                             Case No: 6:22-cv-2073-CEM-DCI

**TAKELA JACKSON, R. TABBARA,
NICOLAS LUCIANO MONTES,
OFFICER JOHN DOE, PHIL
DIAMOND, DEBORAH BRADLEY,
TERRI WILSON, ROSE ACOSTA,
AMY MERCADO, JULIA L. FREY,
CITY OF ORLANDO, TROY STICKLE
and JANE DOE,**

      **Defendants.**

# ORDER

This cause comes before the undersigned for consideration of Defendant Julia L. Frey's (Defendant Frey) Motion to Dissolve Plaintiff's Notice of Lis Pendens (the Motion to Dissolve). Doc. 92. On June 26, 2023, the undersigned recommended to the Court that the Motion be granted as unopposed. Doc. 105 (the June 26, 2023 Report and Recommendation). Plaintiff has since filed a timely objection. Doc. 106. In the objection, Plaintiff seeks to file a response to the Motion to Dissolve and to have the Court consider the merits of the Motion to Dissolve. Doc. 106. Defendant Frey has not filed a response to Plaintiff's objection and the time for doing so has elapsed.

Upon *sua sponte* review of Plaintiff's objection and considering the unusual procedural posture of this action and that Plaintiff is proceeding *pro se* and apparently now wishes to file a substantive response to the Motion to Dissolve, the undersigned will vacate the June 26, 2023

Report and Recommendation and allow Plaintiff an opportunity to address the Motion to Dissolve. And given the evolving procedural and factual posture of this case and the related state court matters, the undersigned will require updated briefing from Defendant Frey prior to allowing Plaintiff an opportunity to respond substantively.

**Background**

On April 27, 2023, Defendant Frey filed the Motion to Dissolve.  Doc. 92.  In the Motion to Dissolve, Defendant Frey requested that the Court dissolve a Notice of Lis Pendens Plaintiff recorded in the public records of Orange County identifying the instant case and the property at issue in this case (the Property).  Doc. 92.

On May 5, 2023, without addressing the merits of the Motion to Dissolve or the other Defendants' Motions to Dismiss, the undersigned recommended that: (1) Defendants' Motions to Dismiss (Docs. 70, 73, 74) be denied without prejudice as moot; (2) to the extent Plaintiff sought declaratory or injunctive relief, the Amended Complaint be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); (3) to the extent Plaintiff seeks monetary damages, the case be stayed and administratively closed pending completion of the state court proceeding; (4) the Court direct that any party may apply to lift the stay and reopen the case upon completion of the state court proceedings; (5) the Court direct Plaintiff to replead within 14 days of the stay being lifted; and (6) Defendant Frey's Motion to Dissolve be denied without prejudice.  Doc. 100.

As to the Motion to Dissolve, the undersigned recommended that the Court deny that Motion because it was based in part on the state trial court's ruling with respect to the Property, and the Sixth District Court of Appeal for the State of Florida (Sixth DCA) had before it an appeal of that ruling.  Thus, the undersigned recommended that the Court should allow Sixth DCA to proceed without interference.  *Id*. at 11-12.

Defendant Frey filed an objection to the May 5, 2023 Report and Recommendation and brought to the Court's attention that the Sixth DCA dismissed Plaintiff's appeal *after* the undersigned entered the Report and Recommendation. Doc. 101. As such, Defendant Frey argued there is no basis for the Court to "abstain" from ruling on the Motion to Dissolve. *Id*.[1] Plaintiff did not file a timely objection.

Given the update on the state appeal, on May 25, 2023, the undersigned vacated the May 5, 2023 Report and Recommendation to the limited extent that it recommended that the Motion to Dissolve be denied. Doc. 102. The undersigned also terminated Defendant Frey's objection as moot and stated that a separate report and recommendation on this issue would follow. Doc. 102.

On May 31, 2023, the Court adopted the remainder of the May 5, 2023 Report and Recommendation. Doc. 104. The Court denied the motions to dismiss, dismissed the Amended Complaint without prejudice, stayed the action with respect to Plaintiff's request for monetary damages, and directed the Clerk to administratively close the case. *Id*. The Court closed the case, but the Motion to Dissolve remained pending.

Having reviewed the docket, the undersigned determined that Plaintiff never filed a response to the Motion to Dissolve and, therefore, it appeared that Defendant Frey's request for relief was unopposed. Nor did Plaintiff object to the May 5, 2023 Report and Recommendation.

On June 26, 2023, the undersigned recommended that the Motion to Dissolve be granted. Doc. 105. Plaintiff has since objected to the June 26, 2023 Report and Recommendation. Doc. 106. In the objection, Plaintiff contends that the May 5, 2023 Report and Recommendation caused

---

[1] The Sixth DCA dismissed the appeal for failure to pay the required filing fee or to submit an order from the lower tribunal adjudging appellant insolvent for purposes of appeal. *Dimanche v. Frey*, Case No. 6D23-2124.

confusion in that it led Plaintiff to believe a response to the Motion to Dissolve was unnecessary because it was entered before the response deadline. Doc. 106. Plaintiff states that absent the confusion, Plaintiff would have responded as he has consistently demonstrated throughout the proceedings. *Id*. Plaintiff argues that he has been prejudiced and deprived of his right to be heard on this matter and requests that the Court consider the merits of the Motion to Dissolve. *Id*. Notably, Plaintiff also reveals that he has filed a motion to reinstate the appeal before the Sixth DCA. *Id*. at 3. A review of the Sixth DCA's docket reflects that Plaintiff has filed such a motion and it remains pending. *Dimanche v. Frey*, Case No. 6D23-2124.

### Discussion

Upon due consideration, the June 26, 2023 Report and Recommendation will be vacated to allow Plaintiff the opportunity to address the substance of the Motion to Dissolve. As reflected in this Order, there have been many filings in this case and several events in the state court matter that have occurred since Defendant Frey filed the Motion to Dissolve, all of which relate directly to the Lis Pendens. Further, regardless of Plaintiff's obligation or ability to timely respond to the Motion to Dissolve or the May 5, 2023 Report and Recommendation, Plaintiff—a *pro se* litigant— has demonstrated an interest in prosecuting this case and would apparently like the opportunity to file a response to Defendant Frey's request. Defendant Frey's lack of response to Plaintiff's objection further supports the Court's decision to grant Plaintiff a final opportunity to address the request to dissolve the Lis Pendens. Finally, the unique factual and procedural postures of this case weigh in favor of allowing up-to-date briefing on this issue, such that the undersigned will exercise discretion, in the interests of justice, to require that briefing.

**Conclusion**

Based on the foregoing, it is **ORDERED** that:

1. The June 26, 2023 Report and Recommendation (Doc. 105) is hereby **VACATED**;

2. Ruling on the Motion to Dissolve (Doc. 92) is **DEFERRED**;

3. **On or before August 4, 2023**, Defendant Frey shall file an Amended Motion to Dissolve the Notice of Lis Pendens on the Property. In filing the Amended Motion, Defendant Frey is not limited to the legal or factual arguments in the original Motion to Dissolve (Doc. 92) but must make all arguments that Defendant Frey would like the Court to consider. The Amended Motion may not incorporate by reference any part of the original Motion to Dissolve. Once the Amended Motion is filed, the Original Motion will be denied as moot, and only the Amended Motion will be considered by the Court; and

4. **On or before August 18, 2023**, Plaintiff shall file a response to the Amended Motion to Dissolve the Notice of Lis Pendens on the Property. Plaintiff's failure to respond within the allotted time may result in the Court granting the Amended Motion as unopposed without further notice.

**ORDERED** in Orlando, Florida on July 21, 2023.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties