# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MOLIERE DIMANCHE,**

      **Plaintiff,**

v.                                                                                          Case No: 6:22-cv-2073-CEM-DCI

**TAKELA JACKSON et al.,**

      **Defendants.**

## ORDER

Pending before the Court is Defendant Julie L. Frey's (Frey) Amended Motion to Dissolve Plaintiff's Notice of Lis Pendens. Doc. 108. When Plaintiff, proceeding *pro se*, initiated this case, he asserted that Defendants violated various constitutional amendments and federal laws during events related to Plaintiff's arrest and the alleged seizure of Plaintiff's property. Doc. 1. Plaintiff claimed that he was deprived of his property without compensation, subjected to emotional distress and pain and suffering, and "denied a fair housing opportunity as his home was taken away from him in order to satisfy an embezzlement effort." *Id*. at 9.

With leave to amend, Plaintiff filed an Amended Complaint and alleged in part that Frey "is misrepresenting a fiduciary relationship not reflected by public records to deprive the Plaintiff of property and weaponizing law enforcement against the Plaintiff to accomplish that goal." Doc. 63 at 10-11. Plaintiff claimed that Frey falsely alleged that Plaintiff procured a residence by fraud and knew that she deliberately provided false information in her affidavit. *Id*. at 15. Plaintiff further alleged that Frey and other Defendants deprived Plaintiff of his liberty and to be free from unreasonable seizures to include arrests without probable cause. *Id*. at 36. Plaintiff sought damages and injunctive relief barring prosecution and an order compelling Defendants to

"reinstate and honor the deed recorded by the Plaintiff as it was the last actual deed recorded in this matter." *Id*. at 43.

With respect to the property at issue in the Amended Complaint (the Property), Plaintiff recorded in the Public Records of Orange County, Florida document number 20230024263 (the Lis Pendens). The Lis Pendens gives notice of the pendency of this action and that Plaintiff seeks "possession of property to which he is the rightful owner and/or compensation for the unlawful taking of the property from the Plaintiff[.]" Doc. 92-1.

Frey moved to dissolve the Lis Pendens, but several events occurred in federal and state court (including the stay of the instant case and the dismissal of Plaintiff's damages claim pursuant to *Younger*) leading the Court to direct Frey to file the Amended Motion to Dissolve to obtain updated briefing on the issue. Docs. 107-108.

Yet, after Frey filed the Amended Motion to Dissolve, the procedural postures of this case and the cases pending in the state courts have significantly changed. Specifically, Plaintiff's state criminal proceeding has been resolved and, upon Plaintiff's motion, the Court has lifted the stay and reopened the case. Doc. 115. The Court also directed Plaintiff to file a Second Amended Complaint and Plaintiff has done so. Docs. 115, 116.

The filing of the new pleading is relevant because Frey's Amended Motion to Dissolve is based on the allegations and relief sought in the Amended Complaint, which is no longer the operative pleading. Plaintiff's allegations, causes of action, and requests for relief are now significantly different.[1] *See* Doc. 116. Those changes impact the request to dissolve the Lis Pendens because the relevant Florida Statute provides that:

---

[1] Plaintiff now brings claims for Peonage pursuant to 18 U.S.C. § 1581 (Count I); Violation of Florida Deceptive and Unfair Trade Practices Act (Count II); Deprivation of Rights Under Color of Law—Hate Crimes pursuant to 42 U.S.C. § 3631 (Count III); Unlawful Detainer pursuant to

> When the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 or when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.

Fla. Stat. § 48.23 (3). So, the pleading is central to the analysis, but Frey did not have the benefit of the Second Amended Complaint when she filed her request. As such, Frey's arguments in support of dissolution may be moot or simply may have developed. For example, in the Amended Motion to Dissolve, Frey contends that Plaintiff's "only pending claims are for money damages, which is legally insufficient to support a lis pendens." Doc. 108 at 5. Frey argues that Plaintiff should not be allowed to cloud title when only a request for monetary damages remains. *Id*. at 3. The Amended Complaint, however, was dismissed without prejudice and Plaintiff has since renewed his request for injunctive and declaratory relief in the Second Amended Complaint. *See* Doc. 116 at 89, 91, 94, 95, 103. Accordingly, it appears that Frey's argument may no longer apply.

Also, Frey argues that Plaintiff's only request for relief in the Amended Complaint as to the Property lies in Count IX for intentional infliction of emotional distress. Doc. 108 at 7. The Court does not analyze Plaintiff's new causes of action or imply that the other claims relate to the Property, but Frey's statement is based on a pleading that is no longer before the Court.

Based on the foregoing, it appears that the Amended Motion to Dissolve should be denied to allow Frey to address the allegations in the Second Amended Complaint as they pertain to the Florida law on a discharge of the Lis Pendens.

---

Florida Statutes § 82.03 (Count IV); Violation of Plaintiff's Civil Rights pursuant to 42 U.S.C. § 1983 (Count V); Violation of the Hobbs Act (Count VI); Malicious Prosecution (Count VII); False Imprisonment (Count VIII); and Intentional Infliction of Emotional Distress (Count IX). Doc. 116.

But even assuming *arguendo* the Court should consider the request to discharge based on the operative pleading at the time the Amended Motion to Dissolve was filed—no one has made this argument—there are still concerns regarding Frey's representations to the Court regarding the state court's quiet title action. Frey explains that Plaintiff filed another lis pendens against the Property and that was dissolved in February 2023 when the Circuit Court of Orange County, Florida entered summary final judgment against Plaintiff resolving Plaintiff's claim to the Property. Doc. 108 at 3 citing *Frey v. Dimanche*—Case No. 2022-CA-010281-O. Frey states that Plaintiff appealed the state court's ruling in the quiet title action and, on May 16, 2023, the Sixth District Court of Appeal of Florida dismissed the appeal of the state court's grant of summary judgment in Frey's favor. *Id*. at 108, citing Doc. 101-1. Frey asserts that "[t]he Sixth District Court of Appeal of Florida has not reopened Plaintiff's appeal; the dismissal is still effective and, consequently, the issue of title to the Property remains fully adjudicated." *Id*. As such, it seems that Frey relies on the state court's ruling at least in part to support her request for discharge. *See id*. at 4, 10 ("To the extent Plaintiff is inaccurately equating 'reinstating' or 'honoring' his Fraudulent Deed with a finding that the Fraudulent Deed is effective and conveys Plaintiff title to the Property, he must obtain that relief from a court via a quiet-title action, which he has already unsuccessfully attempted to do via the Quiet Title Action.").

But Frey's statement no longer appears true. A review of the Sixth District Court of Appeal's docket reflects that the appellate court withdrew the May 16, 2023 order of dismissal and reinstated Plaintiff's appeal. *See Dimanche v. Frey*, Case No. 6D23-2124.[2] As such, the Court questions Frey's reliance on the outcome of the quiet title action in support of the request for relief.

---

[2] Frey did not misrepresent the facts to the Court. The reinstatement came after Frey filed the Amended Motion to Dissolve.

To be clear, it may be that Frey is entitled to dissolution, but it seems the briefing on this issue is not sufficient given the changed and developing circumstances.

Accordingly, it is **ORDERED** that Frey's Amended Motion to Dissolve (Doc. 108) is **DENIED without prejudice**.

**DONE AND ORDERED** in Orlando, Florida on January 11, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties