# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MOLIERE DIMANCHE,**

        **Plaintiff,**

v.                                                 Case No: 6:22-cv-2073-CEM-DCI

**TAKELA JACKSON et al.,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

- Plaintiff's Motion for Entry of Default Judgment (Doc. 135)
- Plaintiff's Request for Clerk's Default (Doc. 136)
- Plaintiff's Motion to Strike Untimely Pleading in Part (Doc. 139)

On January 2, 2024, Plaintiff filed the Second Amended Complaint. Doc. 116.

Thus, the City of Orlando Defendants[1] had until January 16, 2024, to respond to the Second Amended Complaint.[2] They did not respond to the Second Amended Complaint by that date.

---

[1] The Motion was filed on behalf of the City of Orlando, John Hugh Dyer, Stephanie Herdocia, Takela Jackson, Rabih Tabbara, Nicolas Luciano Montes, Adam Cortes, Aaron Goss, Brent Fellows, Daniel Manganiello, David Alban, Michael Massicotte, Laurie Nossair, Eric Smith, April M. McConnell, Dwain Rivers, and Christopher Carty.

[2] Actually, based on the notations on the docket, it appears that Plaintiff filed the Second Amended Complaint with the Court on January 2, 2024, but that the Clerk docketed the Second Amended Complaint the next day, on January 3, 2024. Thus, the Orlando Defendants did not receive notice of the filing via CM/ECF until January 3, 2024. If that is the case, the Orlando Defendants' response was not untimely. Yet, the Orlando Defendants did not raise this issue, perhaps because they, like Plaintiff, assumed that the filing date was the same as the docketing date. In cases involving pro se parties without electronic filing permission, the Clerk receives and then dockets the pro se party's filings. In these circumstances, a short delay like this is not unheard of due to

On January 17, 2024, Plaintiff filed a Motion for Clerk's Entry of Default (Doc. 136, Motion for Clerk's Default) and Motion for Entry of Default Judgment (Doc. 135, Motion for Default Judgment). In those Motions, Plaintiff seeks a Clerk's default and a default judgment against the City of Orlando Defendants.

Less than three hours later, on January 17, 2024, the City of Orlando Defendants filed their Motion to Dismiss. Doc. 137.

After that, still on January 17, 2024,[3] Plaintiff filed a Motion to Strike Untimely Pleading in Part (Doc. 139, Motion to Strike), seeking to strike the Motion to Dismiss as untimely.

As an initial matter, all three of Plaintiff's Motions are due to be denied because they fail to comply with Local Rule 3.01(g). The gotcha nature of the litigation strategy evidenced by the three motions left no time for conferral, and, indeed, Plaintiff neither conferred nor adequately certified conferral.[4]

Even if the Court considered the merits of the Motions, they are due to be denied. The Motion for Entry of Default Judgment is due to be denied as premature because a Clerk's default must be entered prior to default judgment. *See Persaud v. MD Audio Engineering, Inc.*, 2023 WL 5916603, at *1 (M.D. Fla. Aug. 10, 2023) ("[T]o the extent that Plaintiff seeks 'judgment' by default, a request for default judgment is premature as Plaintiff has not obtained a Clerk's judgment against Defendant.") (citing *Awgi, LLC v. Team Smart Move, LLC*, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted by*, 2012 WL 122904225 (M.D.

---

the extremely heavy docket and limited resources of the Court. Either way, the Court's ruling would be the same.

[3] Again, the docket reflects that the Clerk received the Motion to Strike on January 17, 2024 (and identified that as the filing date) but docketed it on January 18, 2024.

[4] Plaintiff does not include a Local Rule 3.01(g) Certification in the Motions for Default and Plaintiff's "Local Rule 3.01(g) Certification" found in the Motion to Strike is insufficient. *See* Docs. 35, 36, 39.

Fla. Oct. 4, 2012) ("[T]he clerk's entry of default must precede an application for default judgment.").[5]

The Motion for Clerk's Default fails because an entry of default is not warranted on this record. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." While the City of Orlando Defendants do not appear to dispute that they filed the Motion to Dismiss a day late,[6] they are—and have been—defending this action. Even if the Motion to Dismiss was a day late, the Court sees no basis to direct the Clerk to enter a default, and there is no basis on this record to initiate default proceedings towards a default judgment. Indeed, "the drastic remedy of a default judgment should not be resorted to where a party has made a clear intent to defend." *See Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 237 (M.D. Fla. 1993); *see also* 2007 Advisory Committee Notes to Fed. R. Civ. P. 55(a) (courts routinely reject default where party shows intent to defend even if not connected with any rule); *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible.").

The Motion to Strike is due to be denied for the same reasons. *See Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible."); *Real v. City of Fort Myers*, 2018 U.S. Dist. LEXIS 73903, at *2 (M.D. Fla. Apr. 30, 2018) (accepting the

---

[5] The Motion for Default Judgment also fails to comply with Local Rule 3.01(a) because it does not include "a legal memorandum supporting the request."

[6] Though, again, it is not clear that their response was late. If it was late, the record certainly supports good cause for allowing a one-day extension for the filing of the Motion to Dismiss.

motion to dismiss even though untimely because courts have a longstanding policy favoring the adjudication of lawsuits on the merits).[7]

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 135) is **DENIED**;

2. Plaintiff's Request for Clerk's Default (Doc. 136) is **DENIED**; and

3. Plaintiff's Motion to Strike Untimely Pleading in Part (Doc. 139) is **DENIED**.

**ORDERED** in Orlando, Florida on February 13, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[7] The City of Orlando Defendants also oppose the Motion to Strike in reference to Federal Rule of Civil Procedure 12(f). Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The Motion to Dismiss is not a pleading and, therefore, the rule is not a proper basis for relief. *See Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla. 1996) (denying motion to strike a motion to dismiss the complaint because the motion to dismiss was not a pleading) (citing *Weiss v. PPG Indus.*, 148 F.R.D. 289, 292 (M.D. Fla. 1993); *see also United States v. Healogics, Inc.*, 2016 WL 7229121 (M.D. Fla. July 29, 2016) (denying motion to strike response to a supplement to a motion to dismiss because the response was not a pleading); *Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1343-44 (N.D. Ga. 2013) (denying motions to strike exhibits to motion to dismiss and the response to the motion to dismiss because those filings were not pleadings); *Jeter v. Montgomery Cty.*, 480 F. Supp. 2d 1293, 1295-96 (M.D. Ala. 2007) (denying motion to strike exhibits to a response to a motion to dismiss because the response and exhibits were not pleadings).