UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


MOLIERE DIMANCHE,

      Plaintiff,

v.                                                                     Case No: 6:22-cv-2073-JSS-DCI

TAKELA JACKSON, RABIH
TABBARA, NICOLAS LUCIANO
MONTES, OFFICER JOHN DOE,
PHIL DIAMOND, DEBORAH
BRADLEY, TERRI WILSON, ROSE
ACOSTA, AMY MERCADO, JULIA
L. FREY, LAUREN FREY-HAMNER,
CITY OF ORLANDO, TROY
STICKLE, DUBOSE, LOWNDES,
DROSDICK, DOSTER, KANTOR &
REED P.A., BILL DYMOND, LOU
FREY INSTITUTE OF POLITICS,
JAMES WALSON, DAVID J.
CARTER, DAVID CARTER, PSY.D,
PLLC, EMERSON R. THOMPSON,
MARK BLECHMAN, ANDREW
EDWARDS, RICHARD I. WALLSH,
MONIQUE H. WORRELL, LUIS
CALDERON, RICHARD
CARPENTER, OFFICER JANE DOE,
JANE DOE '35; 2, DAVID PEREZ,
ANTONIO VARGAS, JOHN
BEAMER, MELISSA GEIST,
JESSICA LEBELLE, TARLIKA
NUNEZ-NAVARRO, ADAM
CORTES, OFFICER CORTES,
AARON GOSS, BRENT FELLOWS,
DAVID ALBAN, JOHN DOE '35; 1,
JOHN DOE '35; 2, DANIEL
MANGANIELLO, STEPHANIE
HERDOCIA, MICHAEL
MASSICOTTE, JOHN HUGH DYER,

LAURIE NOSSAIR, BRIAN STOKES,
BILL COWLES, KATHERINE
COLLIE, RYAN SMITH, JOHN
MINA, KORENE HINDS, ERIC
SMITH, SALEENA SINGH,
TIFFANY MOORE RUSSELL,
HANNY D., ROCHELLE K., APRIL
M. MCCONNELL, DWAIN RIVERS,
CHRISTOPHER CARTY, ROGER
HANDBERG, STATE OF FLORIDA,
ALICIA L. LATIMORE and JANE
DOE,

     Defendants.

_____/

## ORDER

In his Second Amended Complaint, Plaintiff, proceeding pro se, asserts nine causes of action against sixty-four Defendants, including the State of Florida, the United States Attorney for the Middle District of Florida, the City of Orlando, current and former judges and prosecutors, an Orlando-based law firm, and several other public and private entities and individuals.  (Dkt. 116.)  Following the referral of several motions for his consideration, United States Magistrate Judge Irick issued a Report and Recommendations on February 14, 2024.  (Dkt. 179.)  Plaintiff filed a 72-page objection to the Magistrate Judge's Report and Recommendation, which included approximately 50 pages of additional exhibits.  (Dkts. 182, 182-1.)[1]  Upon consideration, the Report and Recommendation is adopted in part as discussed below.

---

[1] Plaintiff's objection violates this court's local rules, which limit an objection to a report and recommendation to ten pages.  M.D. Fla. Loc. R. 3.01(a).  Nevertheless, in light of Plaintiff's pro se status, the court will consider his objections here.  Any further filings by Plaintiff must conform to this court's Local Rules or they will be stricken.

## BACKGROUND

Plaintiff initiated this action on November 23, 2022 by filing a complaint against thirteen Defendants alleging violations of his constitutional rights following a dispute over ownership of a residence at 921 S. Mills Avenue, Orlando, Florida. (Dkt. 1.) In his original complaint, Plaintiff alleged that Defendant Julia Frey, an attorney, challenged Plaintiff's ownership of the residence and pursued civil and criminal actions against Plaintiff, resulting in his arrest by the Orlando police and the seizing of his property. (*Id.*)

Following Defendants' filing of motions to dismiss, the court granted-in-part Plaintiff's motion to amend the complaint. (Dkt. 55.) In its order, the court noted Defendants' arguments that Plaintiff's complaint was a shotgun pleading and failed to comply with the Federal Rules of Civil Procedure. (*Id.*) Among other things, the court advised Plaintiff that his amended pleading should "specifically list the federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case; "plead a short and plain statement of the facts and basis for the court's jurisdiction;" "set forth each claim in a separate count;" and "plead a short and plain statement of the facts by stating what each Defendant did that caused Plaintiff harm or violated Plaintiff's rights, including the dates and places of that conduct." (*Id.* at 5–6.)

Plaintiff thereafter filed an amended complaint on January 27, 2023. (Dkt. 63.) The court then entered a Case Management and Scheduling (CMSO), which, among other deadlines, set a deadline for motions to join a party as May 26, 2023. (Dkt. 88.)

On May 31, 2023, the court adopted the Magistrate Judge's report and recommendation on Defendants' motions to dismiss the amended complaint and dismissed the amended complaint without prejudice pursuant to the *Younger* doctrine as identified in *Younger v. Harris*, 401 U.S. 37 (1971). (Dkt. 104.) The court then stayed and administratively closed this action pending the completion of underlying state court proceedings, and granted Plaintiff leave to file a second amended complaint within 14 days of the stay being lifted. (*Id.*) On December 20, 2023, the court lifted the stay and reopened this case. (Dkt. 115.) In its order reopening the case, the court permitted Plaintiff to file an amended complaint "that cures the deficiencies outlined in the Court's previous Orders." (*Id.*)

Plaintiff filed the operative Second Amended Complaint on January 2, 2024. (Dkt. 116.) With the Second Amended Complaint, Plaintiff added approximately 51 newly named Defendants and asserted nine causes of action largely against all Defendants, including violations of various federal criminal statutes such as criminal peonage, deprivation of rights under the color of law, and the Hobbs Act; the Florida Deceptive and Unfair Trade Practices Act; unlawful detainer under Florida law; violation of 42 U.S.C. § 1983; and state common law claims for malicious prosecution, false imprisonment, and intentional infliction of emotional distress. (Dkt. 116.)

On February 14, 2024, the Magistrate Judge issued a Report and Recommendation on 16 pending motions, including four motions to dismiss Plaintiff's Second Amended Complaint. (Dkt. 179.) In the Report and Recommendation, the Magistrate Judge found that the Second Amended Complaint violated the court's prior

orders by improperly adding new parties and claims and failed to adhere to prior instructions from the court regarding shotgun pleadings and compliance with the Federal Rules of Civil Procedure. (*Id.* at 6–8, 10–19.) In considering the Second Amended Complaint, the Magistrate Judge found that it constituted an impermissible shotgun pleading in that it repeats and realleges each and every allegation in the preceding paragraphs into each count, is replete with conclusory and immaterial allegations, and asserts multiple claims against multiple defendants without specifying which applies to which. (*Id.* at 10–19.) The Magistrate Judge further found that Plaintiff's attempted removal of an unlawful detainer claim from Florida state court was procedurally improper. (*Id.* at 8–10.) The Magistrate Judge thus recommended that the court strike Plaintiff's Second Amended Complaint to the extent that it adds new Defendants and claims; strike Plaintiff's notice of filing exhibits to the Second Amended Complaint (Dkt. 119) as untimely; grant in part several of the Defendants' motions to dismiss (Dkts. 130, 132, 133, 137) to the extent that the Second Amended Complaint be dismissed without leave to amend; deny all other pending motions (Dkts. 122, 124, 129, 145, 154, 156, 164, 167, 174, 176, 178) as moot; and close this case. (Dkt. 179.) Plaintiff filed timely objections to the Report and Recommendation on February 22, 2024. (Dkt. 182.)

## APPLICABLE STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1); *see also* Fed. R. Civ. P. 72.  With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020).  For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed.").  Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo.  *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## ANALYSIS

Plaintiff raises several objections to the Report and Recommendation.  (Dkt. 182.)  Upon consideration of Plaintiff's objections and on review of the Report and Recommendation, Plaintiff's objections are overruled in part and the Report and Recommendation is adopted in part.

### A. Attacks on Magistrate Judge

Plaintiff spends at least the first 22 pages of his objections attacking the Magistrate Judge and asserting that the Report and Recommendation is an "illegal" act of "reprisal" orchestrated against Plaintiff by the Magistrate Judge and the Clerk's

office to cover up the improper interference and continued violation of Plaintiff's rights by the court. *E.g.*, (Dkt. 182 at 2–4); *see also* (*id.* at 64–66, 70–72.) Throughout his objections, Plaintiff asserts that the Magistrate Judge "has intended to sabotage this case from the beginning" and that the Report and Recommendation was "composed with malice, bias and disdain for the Plaintiff." (*Id.* at 64, 70.) Plaintiff further argues that because the parties did not consent to the jurisdiction of the Magistrate Judge on a Form AO 85, the issuance of the Report and Recommendations was improper. (*Id.* at 1–22.)

To the extent Plaintiff raises a cognizable objection in these statements, it is entirely overruled. That the parties declined to consent to the Magistrate Judge's jurisdiction over the entirety of this matter does not affect the Magistrate Judge's authority "to conduct hearings, including evidentiary hearings, and to submit to a [district judge] proposed findings of fact and recommendations for the disposition, by a [district judge], of any motion," including a motion to dismiss for failure to state a claim and a motion for summary judgment. 28 U.S.C. § 636(b)(1). Indeed, the parties' declining to consent to the jurisdiction of the Magistrate Judge on their Form AO 85, is precisely the reason why Plaintiff is afforded the opportunity to object to Judge Irick's Report and Recommendation and the court is considering those objections here. *See id.*

Continued personal attacks may result in the imposition of sanctions by the court. *See, e.g.*, *Spolter v. Suntrust Bank*, 403 F. App'x 387, 389 (11th Cir. 2010) (upholding issuance of $10,000 fine as sanction to attorney who repeatedly attacked

judge's "faith and political affiliations" and "impugned the dignity of the court by alleging that both [judge] and the Clerk's Office have manipulated the case assignment system" to the detriment of attorney without "even a mere scintilla of evidence supporting his claims of misconduct"); *Cuyler v. Aurora Loan Servs., LLC*, No. 12-11824-DD, 2012 WL 10488184, at *1 n.2 (11th Cir. Dec. 3, 2012) ("It has long been established . . . that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge[.]") (citation omitted).

## B. Violations of Case Management and Scheduling Order

Plaintiff objects to the Magistrate Judge findings that the Second Amended Complaint violates the court's CMSO by improperly adding a claim and parties after the specified deadline. (Dkt. 182 at 41–52.) Plaintiff argues that because the court directed him to file an amended complaint by January 3, 2024, he was exempted from the CMSO's May 26, 2023 deadline for motions to join a party or amend pleadings. (*Id.*) Instead, Plaintiff contends that "[t]he most egregious violation of the CMSO is this R&R in its totality, that the Plaintiff has to Object to." (*Id.* at 42) (emphasis in original). Upon consideration, Plaintiff's objection is overruled.

As the court made clear in its order lifting the stay, Plaintiff was directed to file an amended complaint "that cures the deficiencies outlined in the Court's previous Orders." (Dkt. 115.) The deficiencies noted by the court were explained to Plaintiff in its order permitting Plaintiff to amend his original complaint. (Dkt. 55.) Specifically, the court found that "Plaintiff should have at least one opportunity to cure the deficiencies" in his complaint, including with respect to Defendants' arguments

- 8 -

that the complaint is a shotgun pleading and fails to comply with the Federal Rules of Civil Procedure.  (Dkt. 55 at 4–6.)  The court's order referenced Plaintiff's ability to "drop or abandon certain defendants or claims" but did not contemplate Plaintiff's adding of additional claims or the roughly 51 newly named Defendants added to the Second Amended Complaint.  (*Id.*)  Instead, Plaintiff was required to seek leave to add additional parties and claims to this case and to establish good cause to justify the modifying of the court's CMSO.  *See* Fed. R. Civ. P. 16; *AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 408 (11th Cir. 2020) ("When a plaintiff seeks leave to amend its complaint after the time required by the district court's scheduling order, the plaintiff 'must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).'") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)); C. Wright, A. Miller, & M.K. Kane, F. Prac. & Proc. § 1688 (3d ed.) ("Most courts have held that the specific provision relating to joinder in Rule 21 governs over the more general text of Rule 15, and that an amendment changing parties requires leave of court even though made at a time when Rule 15 indicates it could be done as of course.").  Plaintiff failed to adequately seek leave to add parties and claims to his complaint and the Second Amended Complaint exceeds the scope of the court's orders permitting amendment. *See, e.g.*, *Jones v. United States Veterans Admin.*, No. 22-11828, 2022 WL 16707946, at *2 (11th Cir. Nov. 4, 2022) ("district courts possess an inherent power to manage their docket and dismiss complaints for failure to follow court orders") (citing *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017)); *Honor v. USA*

*Truck, Inc.*, No. 8:18-cv-677-T-CPT, 2020 WL 12175835, at *3 (M.D. Fla. Jan. 7, 2020)
("'[t]o amend a complaint to add additional parties after the filing of a responsive
pleading,' a movant must seek leave of the court '*and* must demonstrate compliance
with either Rule 19 or Rule 20'") (quoting *Sansom v. TSI Corp.*, No. 2:17-cv-04444,
2018 WL 6173883, at *2 (S.D. W. Va. Nov. 26, 2018)); *Tri-Pharma, Inc. v. Safe Harvest
Med., LLC*, No. 8:20-cv-3083-CEH-TGW, 2021 WL 7161943, at *2 (M.D. Fla. Nov.
19, 2021) (denying request to amend complaint to add defendant where plaintiff "has
not shown that there is good cause to amend").  The Second Amended Complaint is
therefore stricken to the extent it contains new Defendants and is stricken as to the
Fourth Cause of Action for Unlawful Detainer under section 82.03 of the Florida
Statutes.[2]  *E.g.*, *Nolen v. Fairshare Vacation Owners Ass'n*, No. 22-11128, 2023 WL
5622595, at *9 (11th Cir. Aug. 31, 2023) (finding no error in district court decision
striking second amended complaint that exceed the scope of the leave to amend) (citing
*Cave v. Singletary*, 84 F.3d 1350, 1354 (11th Cir. 1996) ("[A] district court's
interpretation of its own order is properly accorded deference on appeal when its
interpretation is reasonable.")).

### C. Shotgun Pleading

Plaintiff raises several objections to the Magistrate Judge's findings that the
Second Amended Complaint is an impermissible shotgun pleading.  Plaintiff objects

---

[2] In light of the court's order striking the Fourth Cause of Action, Plaintiff's remaining objections to the Magistrate Judge's additional recommendations regarding the Fourth Cause of Action are overruled.  *See* (Dkt. 182 at 66–70.)  Defendants' Motion to Remand with respect to the Fourth Cause of Action (Dkt. 138) is denied as moot.

to the Magistrate Judge's finding that the Second Amended Complaint is "replete with conclusory and immaterial allegations" and any reference to Plaintiff's allegations as "delusional" or "fanciful" conspiracy theories. (Dkt. 182 at 22–41.) Specifically, Plaintiff attempts to shore up the Second Amended Complaint's allegations by making additional assertions in his objections and references his raising of similar allegations at hearings in a criminal matter and argues that those allegations were accepted by the court. (*Id.*) Plaintiff also argues that certain of his "conclusory and immaterial allegations" are necessary to his claim for intentional infliction of emotional distress. (*Id.* at 53–64.) Upon consideration, Plaintiff's objections are overruled.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 10(b) further requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Complaints that violate either Rule 8(a) or Rule 10(b) are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four general categories of shotgun pleadings. *Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry

all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Here, each cause of action in Plaintiff's Second Amended Complaint "repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth [t]herein." *E.g.*, (Dkt. 116 ¶ 267.) Thus, Plaintiff's Ninth Cause of Action is impermissibly "a combination of the entire complaint." *Weiland*, 792 F.3d at 1320; *see* (Dkt. 116 ¶ 325.) Moreover, although Plaintiff argues in his objections that certain of his allegations are tied to various causes of action, the shotgun nature of his pleading renders the majority of those facts "not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321–22; *Barone v. Wells Fargo Bank, N.A.*, 757 F. App'x 877, 881 (11th Cir. 2018) ("The first amended complaint, like the initial complaint, contained a multitude of factual allegations that were difficult to follow and not clearly connected to any particular cause of action, as well as multiple counts where each count adopted the allegations of all preceding counts."). Thus, as described by the Magistrate Judge, Plaintiff's factual allegations largely leave the court and Defendants

"without a clear understanding of whether Plaintiff intends to allege that all Defendants are liable under his conspiracy theory, or whether he intends to allege some unnamed subject of the Defendants is liable for some unnamed subset of claims." (Dkt. 179 at 15.)  Finally, with the exception of the already stricken Fourth Cause of Action, each cause of action is alleged generally "Against All Defendants" and largely fails to specify "which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1323; *see also Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 663 (11th Cir. 2019) ("Overall, most of the counts in the second amended complaint made conclusory and convoluted allegations against certain subsets of the defendants, all the while referring to the same general factual allegations, with no clear connection to, or application of, those allegations.").  The Second Amended Complaint is therefore an impermissible shotgun pleading and must be dismissed and Plaintiff's objections in this respect are overruled.

### D. Opportunity to Amend

Finally, Plaintiff objects to the Report and Recommendation and argues that he should be afforded another opportunity to replead his claims.  (Dkt. 182 at 44–52.) Having concluded that the Second Amended Complaint is an impermissible shotgun pleading, the court finds that Plaintiff may be afforded one final opportunity to properly plead his claims.  If Plaintiff "fails to make meaningful changes to his complaint . . . the court may dismiss the complaint under either Rule 41(b), Fed. R. Civ. P, or the court's inherent power to manage its docket."  *Barone*, 757 F. App'x at

879 (quoting *Weiland*, 792 F.3d at 952); *see also Novero v. Duke Energy*, 753 F. App'x 759, 767 (11th Cir. 2018) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).   In filing a Third Amended Complaint, Plaintiff must follow the instructions outlined in the court's January 13, 2023 order (Dkt. 55) and other orders, including that Plaintiff shall not incorporate all of the preceding allegations into each court, must clearly delineate which factual allegations pertain to which claim, and must not indiscriminately assert claims for violations of various laws against multiple Defendants arising from separate courses of conduct.    Moreover, Plaintiff's forthcoming Third Amended Complaint, if any, is limited to those causes of action asserted in the Second Amended Complaint, with the exception of the Fourth Cause of Action, which is dismissed, and those Defendants named in Plaintiff's First Amended Complaint.  Should Plaintiff wish to add claims or Defendants to this action, he may file the appropriate motion to do so.  Plaintiff must otherwise abide by the orders of the court, this court's Local Rules, and the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly:

1.   Plaintiff's Objection to Report and Recommendation (Dkt. 182) is overruled in part and sustained in part.

2.   The Report and Recommendation (Dkt. 179) is adopted in part and incorporated into this order as discussed herein.

3. The Clerk of Court is directed to terminate those Defendants impermissibly added in Plaintiff's Second Amended Complaint and not listed in Plaintiff's First Amended Complaint (Dkt. 63), including Defendants Lowndes, Drosdick, Doster, Kantor & Reed P.A.; Bill Dymond; Lou Frey Institute of Politics; James Walson; David J. Carter; David Carter, PSY.D, PLLC; Emerson R. Thompson; Mark Blechman; Andrew Edwards; Richard I. Wallsh; Monique H. Worrell; Luis Calderon; Richard Carpenter; Officer Jane Doe; Jane Doe, 2; David Perez; Antonio Vargas; John Beamer; Melissa Geist; Jessica Lebelle; Tarlika Nunez-Navarro; Adam Cortes; Officer Cortes; Aaron Goss; Brent Fellows; David Alban; John Doe, 3; John Doe, 4; Daniel Manganiello; Stephanie Herdocia; Michael Massicotte; John Hugh Dyer; Laurie Nossair; Brian Stokes; Bill Cowles; Katherine Collie; Ryan Smith; John Mina; Korene Hinds; Eric Smith; Saleena Singh; Tiffany Moore Russell; Hanny D.; Rochelle K.; April M. McConnell; Dwain Rivers; Christopher Carty; Roger Handberg; State of Florida; and Alicia L. Latimore.

4. The Fourth Cause of Action in Plaintiff's Second Amended Complaint (Dkt. 63) is stricken and shall not be repleaded in any forthcoming Third Amended Complaint, absent leave.

5. Defendants' Motions to Dismiss (Dkts. 130, 132, 133, 137) are granted in part.

6.   The Second Amended Complaint (Dkt. 116) is dismissed without prejudice for the reasons stated herein.

7.   Plaintiff shall file a Third Amended Complaint, if any, that complies with this order, the prior orders of the court, the court's Local Rules, and the Federal Rules of Civil Procedure within 21 days.

8.   Defendants Frey and Frey-Hamner's Motion to Remand to State Court (Dkt. 138) is denied as moot.

9.   The remaining pending motions (Dkts. 122, 124, 129, 145, 154, 156, 164, 167, 174, 176, 178) remain under consideration by the court.

**ORDERED** in Orlando, Florida, on April 23, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party