UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOLIERE DIMANCHE,

    Plaintiff,

v.                            Case No: 6:22-cv-2073-JSS-DCI

TAKELA JACKSON, RABIH TABBARA, NICOLAS LUCIANO MONTES, OFFICER JOHN DOE, PHIL DIAMOND, DEBORAH BRADLEY, TERRI WILSON, ROSE ACOSTA, AMY MERCADO, JULIA L. FREY, LAUREN FREY-HAMNER, CITY OF ORLANDO, TROY STICKLE, DUBOSE, JOHN DOE '35; 1, JOHN DOE '35; 2 and JANE DOE,

    Defendants.
_____/

## ORDER

On April 24, 2024, Plaintiff filed a Notice of Appeal appealing several of this court's orders, including its order dismissing Plaintiff's Second Amended Complaint without prejudice (Dkt. 255). (Dkt. 263.) At the time of Plaintiff's filing of the Notice of Appeal, several motions remained pending before this court: Defendant Frey's Time-Sensitive Motion for Protective Order and Quash Subpoena to Produce Documents (Dkt. 156); Plaintiff's Motion to Disqualify Magistrate Judge Daniel C. Irick (Dkt. 183); Plaintiff's Motion to Compel Discovery (Dkt. 184); Plaintiff's Renewed Motion for Sanctions (Dkt. 194); Plaintiff's Motion to Strike Untimely Pleadings (Dkt. 195); Plaintiff's Motion for Default Judgment/Motion for Alternate

Service (Dkt. 200); and Defendant Frey's Motion to Quash and for Protective Order (Dkt. 240).

"[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal." *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). As Plaintiff's appeal regards whether he has adequately stated a claim for relief in this action, all pending motions are denied without prejudice to the re-filing following the conclusion of Plaintiff's appeal and a mandate from the Eleventh Circuit. *See Sec. & Exch. Comm'n v. N. Am. Clearing, Inc.*, 656 F. App'x 947, 951 (11th Cir. 2016) ("[Appellant's] filing of a notice of appeal as to the denial of his Rule 60 motion therefore divested the district court of jurisdiction over his motion to compel.") (citing *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001)); *Debose v. United States*, No. 8:21-cv-2127-SDM-AAS, 2022 WL 16779527, at *1 (M.D. Fla. Nov. 8, 2022) (denying motion to compel where district court "'is divested of jurisdiction to take any action with regard to the matter except in the aid of the appeal,' . . . and does not regain jurisdiction until a mandate has issued on appeal.") (citing *Shewchun v. United States*, 797 F. 2d 941, 941 (11th Cir. 1986) and *Zaklama v. Mount Sinai Med. Ctr.*, 906 F. 2d 645, 649 (11th Cir. 1990)). The Clerk is directed to administratively CLOSE this case during the pendency of the appeal.

**ORDERED** in Orlando, Florida, on April 29, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party