UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOLIERE DIMANCHE,

    Plaintiff,

v.                                        Case No: 6:22-cv-2073-JSS-DCI

TAKELA JACKSON, RABIH
TABBARA, NICOLAS LUCIANO
MONTES, OFFICER JOHN DOE,
PHIL DIAMOND, DEBORAH
BRADLEY, TERRI WILSON, ROSE
ACOSTA, AMY MERCADO, JULIA
L. FREY, LAUREN FREY-HAMNER,
CITY OF ORLANDO, TROY
STICKLE, DUBOSE, JOHN DOE '35;
1, JOHN DOE '35; 2 and JANE DOE,

    Defendants.
_____/

## **ORDER**

On April 23, 2024, the court dismissed Plaintiff's second amended complaint without prejudice, granting him leave to file a third amended complaint within 21 days. (Dkt. 255.) Plaintiff appealed that order. (Dkt. 263.) The court administratively closed the case pending Plaintiff's appeal. (Dkt. 265.) The Eleventh Circuit has since affirmed the court's order. (*See* Dkts. 283, 284.) Upon review of the docket, this case is due to be dismissed.

This action was initiated on November 23, 2022, when Plaintiff, Moliere Dimanche, proceeding pro se, filed his initial complaint. (Dkt. 1.) In response to several motions to dismiss, (Dkts. 24, 28, 30, 34), Plaintiff moved to amend his

complaint, (Dkt. 44), which the court granted (Dkt. 55). Plaintiff filed an amended complaint, (Dkt. 63), which was subsequently dismissed without prejudice pursuant to the *Younger*[1] abstention doctrine, and the court stayed the case pending resolution of an ongoing state court criminal matter, (Dkt. 104).

Upon resolution of that criminal matter, Plaintiff moved to lift the stay, (Dkt. 110), which the court granted (Dkt. 115). In its order lifting the stay and reopening the case, the court directed Plaintiff to file an amended complaint curing the deficiencies identified in the court's previous orders. (*Id.* at 2.) Plaintiff timely filed a second amended complaint. (Dkt. 116.) United States Magistrate Judge Daniel C. Irick recommended that the second amended complaint be dismissed without leave to amend because it improperly added new parties and claims and failed to adhere to prior instructions from the court. (Dkt. 179.) Plaintiff objected to Judge Irick's recommendation. (Dkt. 182.)

The court adopted Judge Irick's recommendation in part. (Dkt. 255.) The court agreed that Plaintiff had improperly added new parties and claims and that the second amended complaint was a shotgun pleading. (*Id.* at 8–13.) The court therefore dismissed the second amended complaint without prejudice. (*Id.* at 16.) However, the court decided to afford Plaintiff "one final opportunity to properly plead his claims" and granted Plaintiff leave to file a third amended complaint within 21 days. (*Id.* at 13–14, 16.)

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971).

Instead, Plaintiff filed a notice of appeal of the court's order dismissing his second amended complaint. (Dkt. 263.) The court therefore denied all pending motions without prejudice and administratively closed the case pending resolution of Plaintiff's appeal. (Dkt. 265.) Notwithstanding his appeal or the administrative closure, Plaintiff then filed a third amended complaint. (Dkt. 266.) Defendants jointly moved to strike the amended complaint, arguing in part that Plaintiff waived the right to amend his complaint when he appealed the court's order dismissing his second amended complaint. (Dkt. 268 at 2–4.) Given the posture of the case, the court denied that motion without prejudice. (Dkt. 271.) The Eleventh Circuit has since affirmed the court's dismissal of Plaintiff's second amended complaint. (*See* Dkts. 283, 284.)

"Generally, an order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint cannot be saved by amendment." *Van Poyck v. Singletary*, 11 F.3d 146, 148 (11th Cir. 1994). "[W]here an order dismisses a complaint with leave to amend within a specified period, the order becomes final (and therefore appealable) when the time period allowed for amendment expires." *Briehler v. City of Mia.*, 926 F.2d 1001, 1002 (11th Cir. 1991). "However, the plaintiff need not wait until the expiration of the stated time in order to treat the dismissal as final, but may appeal prior to the expiration of the stated time period." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 (11th Cir. 2006) (quotation omitted). "Once the plaintiff chooses to appeal before the expiration of time allowed for amendment . . . the plaintiff waives the right to later amend the complaint, even if the

time to amend has not yet expired." *Schuurman v. Motor Vessel "Betty K V"*, 798 F.2d 442, 445 (11th Cir. 1986).

As the Eleventh Circuit noted in its order affirming this court's dismissal of Plaintiff's second amended complaint without prejudice, that order now stands as the final judgment in this matter. *See Dimanche v. Orlando Police Dep't*, No. 24-11267, 2025 WL 561436, at *6 (11th Cir. Feb. 20, 2025) ("When a district court dismisses a complaint without prejudice and with leave to amend, and the plaintiff elects to appeal the decision rather than amend, that dismissal becomes final."). By choosing to appeal, Plaintiff "elected to stand on [his] [s]econd [a]mended [c]omplaint and waived [his] right to further amendment." *Garfield*, 466 F.3d at 1260–61.

Accordingly:

1. The third amended complaint (Dkt. 266) is **STRICKEN**.
2. This case is **DISMISSED**.
3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines.
4. This case remains closed.

**ORDERED** in Orlando, Florida, on May 15, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party
Counsel of Record